✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__ASHLEY MICHELLE GREENE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 25-4

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841__.
   ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____          _____
Date                                                *Signature of Judge*
                                        Dennis L. Howell, United States Magistrate Judge
                                                  *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 25-4

UNITED STATES OF AMERICA,

Vs.                                                                    **ADDENDUM TO**
                                                                        **DETENTION ORDER**

ASHLEY MICHELLE GREENE.

_____

## I.  FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3)  the history and characteristics of the person, including--

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being methamphetamine. Evidence was presented that the defendant had sold methamphetamine to undercover officers on seven occasions. On two of those occasions, the amount of methamphetamine was in excess of 1 oz.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. Undercover officers purchased methamphetamine from the defendant on seven separate occasions.

**(g)(3):** The history and characteristics of the person

   (A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. The defendant does not have employment and has not had employment for a period in excess of two years. The defendant does not have financial resources. The defendant has a long length of residence in the Caldwell and Catawba County communities. The defendant's history relating to drug or alcohol abuse shows that she has been using methamphetamine for approximately four years. On one occasion, the defendant attended 40 hours of outpatient substance abuse treatment. The defendant is not in good health. The defendant suffered a severe head trauma in an automobile accident that occurred in 2002 and the defendant's mental capacity was damaged as a result of the injuries she sustained in this accident. The defendant is also suffering from depression and has had suicidal thoughts and ideation. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant was convicted in Caldwell County, NC of misdemeanor possession of a schedule VI controlled substance on October 18, 1999.

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear on April 24, 2006 in regard to misdemeanor converting utility use. She further failed to appear on March 19, 2007 in regard to a charge of misdemeanor possession of drug paraphernalia.

   (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant is charged with an

offense for which a presumption has been statutorily created that provides it is presumed the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttal. The undersigned finds that the defendant has not rebutted the presumption. The evidence presented by the government shows that seven purchases of methamphetamine had been made from the defendant by an undercover officer or operative. On two of those purchases, the amount of methamphetamine was over an ounce which this court finds is a large amount of methamphetamine. The defendant's mother and stepfather are willing for the defendant to reside with them and they are willing to act as her custodians. However, the defendant's mother and stepfather already have custody of the defendant's eight year old son. The defendant's mother and stepfather are fine persons and would be good custodians. They must initially be concerned with the defendant's eight year old child and it would be improper for this court to require them to take on the additional burden of being custodians for this defendant. As a result, the undersigned finds that the presumption of detention has not been rebutted by the defendant and further finds by clear and convincing that the release of the defendant would create a risk of harm or danger to any other person or the community. The record of the defendant for the sale of methamphetamine shows that the release of the defendant would create a risk of harm or danger to any other person or the community if she were released.

The undersigned does not find that the release of the defendant would create a risk of flight on her part. The evidence shows that the presumption has been rebutted. The defendant has never resided in any county other than Caldwell or Catawba counties, NC and she has a minimal criminal record. The defendant has failed to appear on two occasions, but the undersigned does not find that the release of the defendant would create a risk of flight on her part. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: June 4, 2009

Dennis L. Howell
United States Magistrate Judge