## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:09CR25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ASHLEY MICHELLE GREENE. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon the court's Motion for Inquiry as required by Rule 44(c), Federal Rules of Criminal Procedure.[1] On August 28, 2009, a hearing was conducted on this motion, at which both defendant and the government were present and represented by counsel.

At the hearing, the court explained to defendant the nature of the perceived conflict, the representations that had been made to the court concerning the perception that defense counsel may have sought employment with the United States Attorney's Office during the period of representation, and defendant's constitutional right to conflict-free counsel. In explaining such right, the court discussed counsel's duty of loyalty under the North Carolina Rules of Professional Conduct, N.C.R.P.C. 1.7 (which the court explained as the right to have counsel looking out for

---

[1] Rule 44(c) does not deal precisely with the conflict issue raised herein and is being utilized by the court as a framework for conducting the inquiry.

-1-

defendant's best legal interests without regard for any personal interest counsel might have), the serious nature of the charges now pending against the defendant, and the defendant's right to request independent counsel to explain the right to conflict-free representation as well as defendant's legal options. Defendant acknowledged understanding the nature of the issue as well as such rights, but declined appointment of independent counsel.

After offering such explanation, the court afforded both counsel for the defendant and the government an opportunity to speak. Counsel for defendant explained that any perceived request for employment with the Department of Justice in an email sent to AUSA Rose was made in jest, that he had explained such to defendant, and that defendant had requested that he remain counsel of record. Consistent with counsel for defendant's recollection, counsel for the government also stated that she considered such communication from defense counsel as being made in jest and that if she had believed he was serious, she would have raised any concern with both defense counsel and the court.

Counsel for defendant also raised in the hearing the issue of an alleged oral communication he made to another AUSA, who was following up on the email to AUSA Rose. From such subsequent communication, such AUSA perceived that counsel for defendant was seriously seeking employment with the United States

Attorneys Office for the Western District of North Carolina. At the hearing, counsel for defendant denied that he made any statement that could be construed in such a manner and pointed out that no affidavit had been tendered in this matter by such AUSA and that such AUSA was not present at the hearing.

After hearing from the court and respective counsel, the court afforded defendant an opportunity to speak, confer further with counsel, and/or ask the court any questions defendant might have. Without equivocation, defendant stated that counsel had fully explained the situation, that defendant understood the right to conflict-free representation, and that defendant desired that counsel be allowed to continue in his capacity as counsel of record herein. Defendant stated that counsel had been most attentive to her case, had maintained excellent communications, and had acted in her best interests. Counsel for the government confirmed that defense counsel had been working on such case in a professional manner.

Rule 44(c) requires the court to take prompt action when the possibility of a conflict of interest arises in a criminal matter:

> **(2) Court's Responsibilities in Cases of Joint Representation.**
>
> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each

defendant's right to counsel.

Fed.R.Crim.P. 44(c)(2). While the Rule speaks to joint representation, the court finds it applicable to conflicts involving a defense attorney who may be perceived as applying for employment with the United States Attorneys Office during the period of representation of a defendant charged by such office.

Based on the record before the court as developed at the hearing, the court accepted the following facts: (1) AUSA Rose as well as counsel for defendant perceived an email, in which the possibility of employment by the United States Attorneys Office was mentioned, as being made in jest; and (2) each party to a subsequent oral communication concerning the intent of such email came away with a different impression as to what was said. As to the subsequent oral communication, the court has no reason to doubt the recollection of either participant as reasonable professionals can honestly differ as to what was said during a conversation where no *verbatim* record is made. The court can only make its determinations based on the record presented, and it appears that the most that can be said is that counsel for defendant would be receptive to any number of opportunities for future legal employment in these economically troubling times; however, being receptive to possible employment opportunities across a broad spectrum of legal employment is *inchoate,* and does not amount to a conflict requiring summary recusal of counsel

under Rule 44.

While finding that there is no actual conflict of interest in this case under Rule 44, the United States Attorney has quite properly brought such communications and impressions to the court's attention because even the possibility of a conflict of interest can undermine confidence in the legal process.

Having conducted the inquiry required by Rule 44(c)(2), the court finds that there is good cause to believe that no conflict of interest actually exists or is likely to arise. Instead, the court finds that counsel for defendant has diligently represented this defendant thus far in the litigation and has at all times acted in the best interest of the defendant without regard to counsel's personal interest, if any. Further, the court finds that defendant has been fully informed of the nature of the perceived conflict and has made a knowing and voluntary consent to continuation of such representation.[2] The court concurs fully in defendant's decision and will allow the continuation of such representation.

The court appreciates the efforts of counsel for defendant, Mr. Rudisill, and counsel for the government, Ms. Rose, in their preparation for such hearing and the candor with the court in the Rule 44(c) hearing.

---

[2] While many of the court's determinations may overlap with considerations inherent to N.C.R.P.C. 1.7, the court's determination is limited to considerations required under Rule 44, Fed.R.Crim.P.

**ORDER**

**IT IS, THEREFORE, ORDERED** that having conducting a Rule 44 Inquiry, the court **ALLOWS** the continuation of representation in this matter by Mr. Rudisill.

Signed: August 31, 2009

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge